IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 1:96-cr-00020-MP-AK

JOHN CALVIN EVERETT,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 454 and Doc. 455, two motions for reconsideration. Previously, at doc. 278, the Defendant filed a motion under § 2255, attacking his conviction on various grounds. Later, in doc. 281, the defendant filed a motion to supplement his § 2255 petition, seeking to add arguments based on Apprendi v. New Jersey, 530 U.S. 466 (2000). The Magistrate Judge entered an order at doc. 288, using a Referral & Order form, allowing the Defendant to supplement his § 2255 motion:

```
                    REFERRAL AND ORDER
Referred to Magistrate Judge Sherrill on August 25, 2000
Type of Motion/Pleadings: Motion to Supplement Motion to Vacate
Sentence under 28 USC 2255
Filed by Petitioner Everette   on 8/14/00      Doc. No. 281
Response:
Filed by _____ on _____ Doc. No. _____

                              ROBERT A. MOSSING, CLERK
                              [signature]
                              Deputy Clerk: Adelita Tinaya-
                              Miller
================================================================
                         ORDER OF COURT
      Accordingly, it is ORDERED this  23rd  day of   October  ,
2000:
         The relief requested is  GRANTED.
```

The Magistrate Judge also entered doc. 289, requiring the government to respond to the newly supplemented § 2255 motion.  The government did so, and the defendant filed two replies.  Eventually, the Magistrate Judge entered an Report and Recommendation, doc. 361, recommending denial of the § 2255 petition.  Specifically, among other arguments, the Magistrate Judge addressed the Defendant's supplement, filed as an attachment to doc. 281:

> In his supplement, Defendant asserts that the jury failed to find the amount of drugs beyond a reasonable doubt as required by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Doc. 281.  He argues that drug type and quantity are elements of the offense, and the failure to allege them is jurisdictional. *Id.*, p. 8.

Doc. 361, p. 8.  The Magistrate Judge recommended rejecting the Apprendi claim because that case does not apply retroactively.  Also, in the order adopting the Report and Recommendation, doc. 375, the Court specifically addressed the issues raised in the supplement by adopting the Magistrate Judge's conclusion that Apprendi cannot be applied retroactively.

In his motions for reconsideration, however, the Defendant argues that either (1) the Magistrate Judge's order on the Referral & Order form at doc. 288 held that "THE [RELIEF] REQUESTED (in the supplement) IS GRANTED" -- and so Defendant should be immediately released -- or (2) the issues raised in the supplement to the § 2255 motion have never been addressed.  Defendant is wrong on both counts.

First, as shown in the excerpt of doc. 288 on page one of this order, the Magistrate Judge did not grant the relief "in the supplement," he merely granted permission for the Defendant to supplement the § 2255 motion.  Whether the relief contained in the supplement would later be granted was left for consideration.  Otherwise, if the Magistrate Judge had already granted the relief sought in the supplement, then the order at doc. 289 requiring the government to respond

to the supplement would make no sense.  Second, as shown above, the Magistrate Judge and this Court specifically address the <u>Apprendi</u> issue in the Report and Recommendation and the Order adopting it.  Thus, there is nothing to reconsider.  The Defendant still may not collaterally attack his sentence using <u>Apprendi</u> and no order of the Court or the Magistrate Judge has said differently.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motions to reconsider, docs. 454 and 455, are denied.

**DONE AND ORDERED** this  *13th*   day of October, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge