IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:96-cr-00020-MP-AK

JOHN CALVIN EVERETT,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 457, Defendant's Motion to Correct the Record. Previously, at Doc. 278, the Defendant filed a motion under § 2255, attacking his conviction on various grounds. The Magistrate Judge entered a Report and Recommendation, Doc. 361, recommending denial of the § 2255 petition, which the Court adopted. In the Report and Recommendation, however, the Magistrate Judge stated in a footnote: "The Government in this case did not file a notice of intent under § 851(a)(1), so it does not appear that increased [sic] statutory minimum should apply." Doc. 361 at 9 n.5.

A review of the file, however, reveals that doc. 89 is in fact a Notice of Prior Conviction and intent to seek enhanced penalties pursuant to 21 U.S.C. § 851(a)(1). Thus, footnote 5 is in error, as notice of intent was actually filed. Defendant, however, assumes that the Magistrate Judge was correct and that no notice was filed. He therefore states, "At the present time the Court's records at Doscket [sic] 89 and the Presentence Report still show that U.S.Attorney's [sic] Office did in fact file such information as required in 21 USC § 851(a)(1)" and seeks to have the Court correct the docket sheet and the presentence report. Doc. 457 at 2. As noted above, however, it is footnote 5 of the Report and Recommendation that is incorrect while the

docket sheet and the presentence report are correct.  Therefore, the motion to correct the record under Fed. R. Crim. P. 36[1] is granted, but only to the following extent.  Footnote 5 of the Report and Recommendation (doc. 361), which was adopted by the order at doc. 375, is hereby deleted.  This change does not affect Mr. Everett's conviction or sentence or any of the Courts subsequent rulings on his collateral attacks on his conviction and sentence..

    **DONE AND ORDERED** this  *3rd*   day of November, 2006

                        *s/Maurice M. Paul*
                         Maurice M. Paul, Senior District Judge

---

[1]Fed. R. Crim. P. 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.