IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.: 1:96cr20/MP/GRJ
                                                                                   1:16cv47/MP/GRJ

JOHN CALVIN EVERETT
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "True Second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the Petitioner's Sentence by a Person in Federal Custody."  (ECF No. 642.) The motion is not on the proper court form.  Defendant, however, will not be required to amend.  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court concludes that it does not have jurisdiction to entertain Defendant's motion and that the motion should be summarily dismissed.  Alternatively, if the motion is construed as one

pursuant to 18 U.S.C. § 3582, it should be denied because it is without merit.

## BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 360 months imprisonment on November 21, 1997 after a jury convicted him of conspiracy to possess with intent to distribute cocaine and cocaine base. (ECF Nos.  183, 211.) His conviction and sentence were affirmed on appeal.  (ECF No. 275.) Defendant then filed a motion to vacate under 28 U.S.C. § 2255, which was denied over Defendant's objection.  (ECF Nos. 278, 361, 372, 375.) Defendant filed motions for reconsideration and to join or adopt his co-defendant's § 2255 motion, as well as a notice of appeal.  (ECF Nos. 380, 392, 393.) The motions were denied (ECF No. 413), as were numerous motions for reconsideration.  (*See* ECF Nos. 414, 415, 418, 420, 421, 428, 430, 432, 455, 456.)

The Eleventh Circuit affirmed the denial of Defendant's § 2255 motion and denied his request for leave to file a second or successive motion.  (ECF No. 417, 438.)  Defendant's motion for modification and correction of sentence was denied, as well as his request for reconsideration thereof.  (ECF Nos.  439, 441, 447, 451–456, 461, 463.)

In 2007, Defendant filed two motions to vacate judgment pursuant to Rule 60(b), both of which were denied.  (ECF Nos.  464, 465, 469, 471.[1])  Defendant then filed an unsuccessful motion to reduce his sentence due to the retroactive applications of sentencing guidelines in 2008.  (*See* ECF Nos. 488, 495, 498, 501, 507, 509, 521.)

In 2010, Defendant unsuccessfully pursued a motion for leave to file a motion pursuant to Rule 60(b)(6).  (ECF Nos. 538--545, 548–551.)

In 2011, he sought relief pursuant to Rule 59(e). (ECF Nos. 552–559, 561, 563–566, 568, 581, 583, 586.)  A request for a sentence reduction was denied in 2012.  (ECF Nos. 569–574, 576-580.)  In 2014 Defendant sought relief pursuant to Rule 60(b)(4).  (ECF Nos. 607, 608.)

Defendant's motion for retroactive application of sentencing guidelines to crack offenses was granted in March of 2015 (ECF Nos. 609, 610), but Defendant, nonetheless, filed a number of motions for reconsideration, all of which were denied.  (ECF Nos. 611, 612, 615, 620, 624, 626–630.).  Defendant appealed the denial of the motion for

---

[1]The clerk was directed not to accept for filing any further motions from Defendant unless they allege imminent threat of serious physical harm.

Case Nos.: 1:96cr20/MP/GRJ; 1:16cv47/MP/GRJ

reconsideration, and his appeal was dismissed and then later reinstated. (ECF Nos. 631, 637, 640.)

Defendant has now filed a motion titled "A True Second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the Petitioner's Sentence by a Person in Federal Custody."  (ECF No. 642.)  Defendant asserts that the claims raised in this motion did not exist or ripen until after the conclusion of his first § 2255 motion.  Defendant says that the district court failed to take into account that Amendment 742 to the Sentencing Guidelines eliminated former § 4A1.1(e), the "recency points" provision to the Guidelines, which resulted in an incorrect guidelines calculation at his 2015 "resentencing."  Section 4A1.1(e), as it formerly existed, allowed for the addition of up to two additional criminal history points if a defendant's offense conduct took place within two years from his release from imprisonment.   Defendant argues that without the two criminal history points, his criminal history score would drop from 14 to 12 points. Because his criminal history score would be 12 Defendant says that he would then have a criminal history category of V, rather than VI and, therefore, his new guidelines range would be 292 to 365 months, rather than 324 to 405

months.  (ECF No. 642 at 3.)  Defendant requests that the Court vacate his sentence and resentence him at the low end of the new guidelines range.

Among the many problems with Defendant's motion is that the Court does not have jurisdiction to consider § 2255 relief.  Proceedings under § 3582 do not constitute *de novo* re-sentencing, because such proceedings do not grant the court jurisdiction to consider extraneous resentencing issues.  *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir.2005); *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir.1997). The Court does not re-examine the other sentencing determinations made at the original sentencing.  *Cothran*, 106 F.3d at 1562-63; Bravo, 203 F.3d at 781.

Title 18 U.S.C. § 3582(b) expressly provides that "notwithstanding that a sentence to imprisonment can subsequently be . . . [modified] . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."  As such, a § 3582 sentence modification neither restarts the one year § 2255(f)(1) limitations period nor resets the number of collateral attacks to zero.  Therefore, this motion is Defendant's second § 2255 motion attacking his judgment and conviction in this case.  Before a second or successive application for § 2255 relief is filed in the

district court, the litigant must typically file a motion in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial §2255 motion. Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion and, therefore, the instant motion to vacate should be dismissed without prejudice.

Even if the court were to construe Defendant's motion as a motion seeking relief pursuant to § 3582,[2] he would not be entitled to relief. Amendment 742 is not enumerated as a retroactive amendment in § 1B1.10(c) of the Sentencing Guidelines. See U.S.S.G. § 1B1.10(c); *United States of America v. Gonzalez-Molina*, 409 F. App'x 751 (5th Cir. 2011); *United States v. Rhodes*, 531 F. App'x 279 (4th Cir. 2013); *Scarboro v.*

---

[2]A pro se litigant's allegations are entitled to the benefit of liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Case Nos.: 1:96cr20/MP/GRJ; 1:16cv47/MP/GRJ

*United States*, Case Nos. 11--61964-CIV, 10--60040-CR, 2012 WL 5271726, at *2 (S.D. Fla. Oct. 24, 2012); *cf. United States v. Vickers*, Case Nos. 5:09cr30/RS/CJK, 5:11cv253/RS/CJK, 2014 WL 1410452, at *6 (N.D. Fla. Apr. 11, 2014)(denying 2255 relief based on counsel's failure to argue on appeal that Amendment 742, which had not yet become effective, applied to defendant's case).

Defendant was correctly sentenced in accordance with the law in existence at the time, and a subsequent amendment to the Guidelines, which is not retroactive, does not entitle him to re-sentencing. *Gonzalez-Molina; Rhodes*. Therefore, even if Defendant's motion is construed as something other than a § 2255 motion, it is due to be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28

U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 642), should be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit, or alternatively, Defendant's motion should be **DENIED**.

Case Nos.: 1:96cr20/MP/GRJ; 1:16cv47/MP/GRJ

2.   A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 3rd  day of March, 2016.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.